**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

MARIETTA MEMORIAL HOSPITAL, et al.,

      Plaintiffs,

v.                               CIVIL ACTION NO. 2:16-cv-08603

WEST VIRGINIA HEALTH CARE AUTHORITY,

      Defendant.


**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant West Virginia Health Care Authority's ("HCA") Motion to Dismiss Case as Moot. (ECF No. 70.) For the reasons set forth below, the Court **GRANTS** the motion and **DISSOLVES** the current injunction as **MOOT**.

*I. BACKGROUND*

Plaintiffs Marietta Memorial Hospital, Marietta Area Health Care, Inc., and MHC Physicians, Inc. (collectively, "Marietta") originally brought this action challenging a section of the West Virginia Code that created a new exemption to West Virginia's Certificate of Need ("CON") program. Typically, hospitals must obtain a CON from HCA before introducing or removing various health services. *See* W. Va. Code § 16-2C-8. However, Chapter 16 of the West Virginia Code provides various exceptions to the CON process. *See* §§ 16-2D-10, 16-2D-11. Last year, the West Virginia Legislature passed a law exempting from the CON process "[t]he construction, development, acquisition or other establishment by a licensed West Virginia hospital of an ambulatory health care facility in the county in which it is located and in a contiguous county

1

within or outside this state . . . ."  W. Va. Code § 16-2D-11(c)(12) (West 2016), *amended by* H.D. 117, 2017 Leg., 1st Spec. Sess. (W. Va. 2017).  Marietta sought to prevent HCA from enforcing the allegedly unconstitutional statute.

In a December 19, 2016, memorandum opinion and order, this Court granted Marietta's motion for preliminary injunctive relief "to the extent that Marietta request[ed] a preliminary injunction enjoining HCA from enforcing the CON exemption relating to ambulatory health care facilities."  (ECF No. 39 at 22.)  The Court preliminarily enjoined HCA from taking action on a pending application for exemption and any other applications for exemption that may be filed under the challenged section of the West Virginia Code, and it also ordered that any applications for exemption under that subsection could not be automatically approved by operation of law after the passage of forty-five days as provided in section 16-2D-11(b).  (*Id.* at 22–23.)

Subsequently, the West Virginia House of Delegates passed House Bill 2459 during its 2017 session, which sought to amend the language of the exemption found in section 16-2D-11(c)(12) relating to ambulatory care facilities.  (*See* ECF No. 44 at 2.)  Marietta and HCA separately moved to stay this action pending the outcome of that introduced legislation, but the Court denied both motions.  (*See* ECF Nos. 44, 47, 48, 49.)  Marietta filed a second motion for preliminary injunction, and the Court granted that motion on May 18, 2017, insofar as it requested that the Court find that House Bill 2459 did not substantially amend the language of the challenged provision, and the Court ordered that the previous injunction entered on December 19, 2016, remain in effect.  (*See* ECF Nos. 55, 65.)

On October 6, 2017, HCA filed the current Motion to Dismiss Case as Moot, in which it argues that a subsequent bill passed by the West Virginia Legislature during a special session "repeal[ed] the exemption provisions previously found in W. Va. Code § 16-2D-11(c)(12)."  (*See*

ECF No. 70 at 1–2.)  Marietta responded to the motion on October 20, 2017, (ECF No. 72), and HCA filed its reply on October 27, 2017, (ECF No. 73).  The motion is fully briefed and ripe for adjudication.

## II.  DISCUSSION

It is well settled that "[f]ederal courts have no power to hear moot cases, and . . . a case can become moot at any time . . . ." *Brooks v. Vassar*, 462 F.3d 341, 348 (4th Cir. 2006) (citing *Mellen v. Bunting*, 327 F.3d 355, 363–64 (4th Cir. 2003)); *see also City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 288–89 (1982).  One way in which a case can become moot is by a change in law if the change renders the issues in the case no longer "live."  *See Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 763 (4th Cir. 2011) (citations omitted); *see also Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983) ("Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies.").  Notably, "[w]hen a legislature amends or repeals a statute, a case challenging the prior law can become moot 'even where reenactment of the statute at issue is within the power of the legislature.'" *Brooks*, 462 F.3d at 348 (quoting *Am. Legion Post 7 of Durham, N.C. v. City of Durham*, 239 F.3d 601, 606 (4th Cir. 2001)).  A repeal of the challenged law may not render the case moot only in a situation where "reenactment is not merely possible but appears probable."  *Id.* (citations omitted); *see also Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 116 (4th Cir. 2000).

As noted in the response to the instant motion, Plaintiffs "do not deny that the present case is now moot; rather they seek either a Permanent Injunction or a continuation of the Preliminary Injunction Orders[1] and an opportunity to request attorney's fees."  (ECF No. 72 at 3.)  Marietta

---

[1] The Court notes that despite the language used by Marietta, only one preliminary injunction was issued in this case. While the Court ordered that the December 19, 2016, injunction remain in effect notwithstanding the state legislature's unsuccessful attempt to amend the challenged statute, the Court denied Marietta's motion insofar as it requested the issuance of a second injunction.  (*See* ECF No. 65.)

further "want[s] to ensure . . . that there be no discriminatory effects remaining regarding the previously enjoined statutory exemptions language." (*Id.* at 4 (noting that "other than representations of counsel, no affidavit or other sworn evidence in the record from the Defendant has been offered" verifying that no applications remain pending under the repealed provision).) Marietta cites *Center for Individual Freedom, Inc. v. Ireland* in support of the suggestion that Marietta may be harmed by possible unknown outstanding applications for an exemption under the repealed provision that may be approved either by HCA or by operation of law after the passage of forty-five days. (*See id.* at 5–6 (citing 2008 U.S. Dist. LEXIS 7526 (S.D. W. Va. 2008)).)

In reply, HCA submitted to the Court an affidavit from Harriet Fitzgerald, Executive Director of HCA. (*See* ECF No. 73-1.) In that affidavit, Ms. Fitzgerald states that after the passage of House Bill 117, "all pending applications for exemption from [CON] made under the former West Virginia Code § 16-2D-11(c)(12) have been withdrawn by the entities that filed said applications." (*Id.* at 3.) Further, she provides that as of October 27, 2017, "there are zero applications for exemption from [CON] made under the former West Virginia Code § 16-2D-11(c)(12) pending before [HCA]." (*Id.*)

The Court finds that the concern of Plaintiffs—that they may suffer harm if there are applications under the challenged provision that remain pending before HCA, (*see* ECF No. 72 at 4)—is quelled by the affidavit of Ms. Fitzgerald. The Court also finds that *Center for Individual Freedom, Inc. v. Ireland*, cited by Marietta, is inapposite in a scenario like this where the statutory provision has been repealed and not simply amended, foreclosing the argument that the change may not be substantial enough to moot the injunction. Thus, Marietta's Amended Complaint is now moot because the challenged provision has been repealed, there is no indication that its reenactment is probable, and there are no applications that remain pending from when the

exemption was in effect.  *See Simmons*, 634 F.3d at 763; *Brooks*, 462 F.3d at 348.  Consequently, the current preliminary injunction is similarly moot, and there is no rationale for extending it or converting it into a permanent injunction as Marietta argues.

### *III.  CONCLUSION*

For the foregoing reasons, the Court **GRANTS** HCA's Motion to Dismiss Case as Moot, (ECF No. 70), and **DISSOLVES** the preliminary injunction previously issued by this Court on December 19, 2016, and extended on May 18, 2017, (ECF Nos. 39, 65), as now **MOOT**.

Because Marietta represents in its response to the motion that it is entitled to attorney's fees and costs under 42 U.S.C. § 1988, the Court further **ORDERS** Marietta to file its petition for attorney's fees no later than **December 8, 2017**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:          November 17, 2017

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE