**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

**MARIETTA MEMORIAL HOSPITAL,
an Ohio Corporation,** *et al.,*

      **Plaintiffs,**

**v.**                                            **Civil Action No. 2:16-cv-08603**

**WEST VIRGINIA HEALTH CARE
AUTHORITY,**

      **Defendant.**

<u>**MOTION FOR ATTORNEY'S FEES**</u>

COME NOW Plaintiffs, Marietta Memorial Hospital, Marietta Area Health Care, Inc. and MHC Physicians, Inc., (collectively "Plaintiffs" or "Marietta"), by counsel, and move this Court, pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure and 42 U.S.C. § 1988(b), for attorney's fees and costs for the reasons set forth herein and in the accompanying Memorandum of Law in Support, which is incorporated herein by reference.  In support of such motion, Plaintiffs respectfully state as follows:

1.     Plaintiffs challenged West Virginia Code § 16-2D-11(c)(12), as enacted and as amended, (hereinafter "the exemption") under the dormant Commerce Clause of the United States Constitution, U.S. Const. art. I, § 8, cl. 3; the Due Process Clause of the Fourteenth Amendment of the United States Constitution; the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and, the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988.  For each Count alleged, Plaintiffs sought attorney's fees and costs under 42 U.S.C. § 1988(b).  *See generally* Verified Complaint, ECF 1; Amended Complaint, ECF 53.

2.      Plaintiffs successfully secured a preliminary injunction under the heightened preliminary injunction standard set forth in *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7 (2008) by Memorandum Opinion and Order dated December 19, 2016, ECF 39 ("Preliminary Injunction Order").   They succeeded in continuing that Preliminary Injunction Order for the statute, as amended, based on the fact that the amendment was not substantial. ECF 65.

3.      The Preliminary Injunction Order enjoined the Defendant from taking any "action on the pending application for an exemption filed by Camden-Clark, CON File No. 16-5-10868-X, or any other applications for exemptions under" and from allowing "for an automatic approval of any pending or to be filed applications for exemption under West Virginia Code§ 16-2D-l l(c)(l2), due to the passage of forty-five days."   ECF 39.   This remained in effect after the statute was amended.   ECF 65.   Thereafter, the exemption at issue in this matter was repealed by House Bill 117, with an effective date of June 13, 2017, and this matter was dismissed by Memorandum Opinion and Order dated November 1, 2017, ECF 74.

4.      The Civil Rights Act of 1871, 42 U.S.C. § 1988(b), provides that a court has the discretion to grant a prevailing party a reasonable attorney's fees as part of the costs of litigation. As discussed in detail in the accompanying Memorandum of Law in Support of Plaintiffs' Motion for Attorney's Fees, which is incorporated herein by reference, Plaintiffs are prevailing parties in the instant matter, and as such should be awarded attorney's fees and cost in this matter.

5.      Plaintiffs have provided information regarding the hourly rate sought and the hours expended through the Affidavit of Webster J. Arceneaux, III, attached as Exhibit 1. Plaintiffs seek the following hourly rates:  $325-$350 for partners, $275-$300 for associates,

$125 for legal clerks, and $150 for paralegals. *See* Exhibit 1. These were the actual rates charged to Plaintiffs pursuant to an hourly fee agreement, as reflected on the itemized statements attached as Exhibit B to Mr. Arceneaux's Affidavit. *See* Exhibit B to Mr. Arceneaux's Affidavit. Plaintiffs have voluntarily reduced this amount, as discussed below, and request a total of One Hundred Thirty-Six Thousand, Nine Hundred Forty-Five Dollars and Eighty-Four Cents ($136,945.84) in attorney's fees and costs as a proposed lodestar amount. *See* Exhibit 1, Mr. Arceneaux's Affidavit and accompanying Exhibits.

6.    Counsel for Plaintiffs also provide the itemized statements as billed, with voluntary reductions by Plaintiffs for work more closely related to the legislative process, work on claims solely related to the individual defendants that were dismissed by the Court, and work related to this Motion for Attorney's Fees. This is indicated by strikethroughs on the itemized billing statements. *See* Exhibit B to Mr. Arceneaux's Affidavit.

7.    Counsel for Plaintiffs has prepared a summary of the proposed lodestar amount for the Court's consideration. *See* Exhibit A to Mr. Arceneaux's Affidavit.

8.    In further support of their proposed hourly rates, Plaintiffs rely on the Affidavits of experienced local attorneys Mark Goldner, Esq., attached hereto as Exhibit 2, David L. Grubb, Esq., attached hereto as Exhibit 3, Benjamin L. Bailey, Esq., attached hereto as Exhibit 4, and Robert L. Coffield, Esq., attached hereto as Exhibit 5.

9.    Given the circumstances of the instant case, Plaintiffs request the Court consider an upward adjustment of the lodestar amount.

WHEREFORE, Plaintiffs respectfully request that, the Court grant Plaintiffs' Motion for Attorney's Fees on the basis that the Plaintiffs are prevailing parties in the instant matter against

3

Defendant in the amount of at least One Hundred Thirty-Six Thousand, Nine Hundred Forty-Five Dollars and Eighty-Four Cents ($136,945.84) in attorney's fees and costs and for such other relief as the Court deems appropriate.

**MARIETTA MEMORIAL HOSPITAL, MARIETTA AREA HEALTH CARE, INC. and, MHC PHYSICIANS, INC.,**

**By Counsel,**

**LEWIS GLASSER PLLC**
/s/ Webster J. Arceneaux, III
Webster J. Arceneaux, III, (WVSB 155)
Thomas G. Casto (WVSB 676)
Valerie H. Raupp (WVSB 10476)
Post Office Box 1746
Charleston, West Virginia  25326
Phone:  304-345-2000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

**MARIETTA MEMORIAL HOSPITAL,**
**an Ohio Corporation, MARIETTA AREA**
**HEALTH CARE, INC., an Ohio Corporation,**
**and MHC PHYSICIANS, INC.,**
**a West Virginia Medical Corporation,**

        **Plaintiffs,**

**v.**                                    **Civil Action No. 2:16-cv-08603**
**WEST VIRGINIA HEALTH CARE**
**AUTHORITY,**

        **Defendant.**

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 8th day of December, 2017, I electronically filed Plaintiffs'

***Motion for Attorney's Fees*** and accompanying ***Memorandum of Law in Support*** with the Clerk

of Court using the CM/ECF system which will send notification of such filing(s) to the

following:

Geoffrey A. Cullop
Stephen M. Fowler
Gary E. Pullin, Esq.
PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC
JamesMark Building
901 Quarrier Street
Charleston, West Virginia 25301


<u>/s/ Webster J. Arceneaux, III</u>
Webster J. Arceneaux, III, State Bar #155

5